**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MEKEL A. McALPINE,**

                         **Plaintiff,**

      **v.**                                                     **CASE NO. 21-3238-SAC**

**BOBBY HIEBERT, JR., et al.,**

                         **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis. The court has conducted an initial screening of the complaint and, for the reasons that follow, will direct plaintiff to show cause why this matter should not be dismissed.

**Nature of the complaint**

The complaint names Bobby Hiebert, Jr., a prosecutor, and Magistrate Judge Amy Coppola as defendants. Plaintiff complains his preliminary hearing was not held within 14 days, that the complaining witness was allowed to be present in the courtroom throughout the preliminary hearing, that ex parte communications occurred between the defendants, and that other misconduct and error rendered the proceedings unfair. He seeks exoneration, the dismissal of the criminal charges, an O.R. bond, and the suppression of the witness' statement.

**Screening standards**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a).

Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following

those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

As stated, the complaint names two defendants, a prosecutor and a magistrate judge. Both of these defendants are shielded by absolute immunity.

First, judges have absolute immunity from civil actions arising from actions taken in their judicial capacity, unless it shown that the judge acted in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge acts in the absence of jurisdiction only by "act[ing] clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Plaintiff's claims against the defendant judge do not suggest any action that was clearly beyond her jurisdiction.

Next, the defendant prosecutor is shielded by prosecutorial immunity, which provides absolute immunity from suit for activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 490, 430 (1976). *See*

*also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). Because the acts plaintiff alleges were taken by the defendant prosecutor were acts taken during criminal proceedings, prosecutorial immunity applies.

Finally, it appears the relief sought by plaintiff in this matter essentially is intervention by this court in the state court criminal case against him. Ordinarily, absent unusual circumstances, a federal court may not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Where the three circumstances exist, abstention is mandatory unless extraordinary circumstances are present. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

Here, the complaint shows that the state court proceedings are ongoing; the State of Kansas has an important interest in addressing alleged violations of its criminal statutes; and the state courts provide an adequate opportunity for plaintiff to present his challenges to the proceedings. Accordingly, the *Younger* doctrine applies, and this court may not intervene.

**Order to Show Cause**

For the reasons set forth, the court will direct plaintiff to show cause why this matter should not be dismissed because both defendants are shielded by absolute immunity and because the *Younger* abstention doctrine prevents the court from intervening in plaintiff's state criminal proceedings. If plaintiff fails to file a timely response, this matter may be dismissed without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff shall show cause on or before **November 12, 2021**, why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 14th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge